Filed 5/22/26  P. v. Corona CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ANDRE LEON CORONA,<br><br>        Defendant and Appellant. | A173336<br><br>(Solano County<br>Super. Ct. No. F23-01116) |

**MEMORANDUM OPINION[1]**

After a jury convicted Andre Leon Corona of reckless evading and driving under the influence (DUI), the trial court found true at a bifurcated bench trial the aggravating circumstance that Corona's prior adjudications were numerous or of increasing seriousness.  The court imposed an upper term sentence of six years based in part on that aggravating factor.

We agree with the parties that imposition of the upper term based on judge-found facts, without Corona's express waiver of his jury trial right, violated the Sixth Amendment and California law, and the error was not harmless.  Accordingly, we reverse.

---

[1] We resolve this case by memorandum opinion, reciting only those facts necessary to resolve the issue raised.  (Cal. Stds. Jud. Admin., § 8.1; *People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

## FACTUAL AND PROCEDURAL BACKGROUND

In 2023, Corona was charged by information with felony reckless evading (Veh. Code, § 2800.2, subd. (a)) and two misdemeanor DUI counts (*id.*, § 23152, subds. (a) & (b)). The information alleged Corona had a prior strike (Pen. Code, §§ 667, 1170.12; further statutory references are to this code).

The information further alleged three circumstances in aggravation: the crime involved "great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness" (Cal. Rules of Court, rule 4.421(a)(1); rule references are to these rules); Corona's prior convictions or juvenile adjudications were "numerous or of increasing seriousness" (rule 4.421(b)(2)); and he was on probation, mandatory supervision, postrelease community supervision, or parole at the time of the offense (rule 4.421(b)(4)).

In 2025, Corona proceeded to jury trial on the charges, but the court granted Corona's request to bifurcate the proceedings on the aggravating circumstances and prior strike allegations. The court stated it would hold a "separate trial" on those allegations. There was no discussion of any waiver of a right to a jury trial on the aggravating circumstances.

The jury found Corona guilty on all three counts. Immediately after excusing the jury, the trial court began the "other part of the trial," referring to the bifurcated proceeding, and the parties agreed to proceed. Without any discussion of a jury trial waiver, a bench trial was held on the allegations.

The court found true the prior strike allegation and turned to the aggravating factors. The prosecution dismissed the rule 4.421(a)(1) allegation, and the court found not true the rule 4.421(b)(4) allegation. However, the court found true the rule 4.421(b)(2) aggravating factor

2

regarding numerous or increasingly serious prior convictions or adjudications, explaining only that Corona "has not only the [prior strike], he has a substantial amount of convictions on his RAP sheet."

The record does not reflect that Corona ever waived his right to a jury trial on the aggravating factors.

At the May 2, 2025 sentencing hearing, the court imposed a total six-year sentence, comprised of the upper term of three years for the reckless evading count, doubled due to the prior strike, and a time-served sentence on the DUI counts. The court explained its selection of the upper term was based on the serious nature of the offense conduct, which occurred while Corona was on probation,[2] the prior strike, and the rule 4.421(b)(2) factor it had found true, stating his crimes were "increasingly becoming more serious." Corona appealed.

## DISCUSSION

The sole issue on appeal is whether the trial court prejudicially erred by imposing the upper term sentence based in part on the rule 4.421(b)(2) factor found true by the court, where Corona never waived his right to a jury trial on that factor. The parties agree, as do we, that reversal is required.

The trial court may impose an upper term sentence "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).)

---

[2] Although Corona suggests the court improperly relied on his being on probation as an aggravating factor, the rule 4.421(b)(4) aggravating factor had been dismissed, and the record does not show the court treated it as a circumstance in aggravation.

3

The right to a jury trial on "all aggravating facts, other than a prior conviction, relied upon to justify an upper term sentence" is "not merely a state law entitlement, but is constitutionally required" by the Sixth Amendment. (*People v. Wiley* (2025) 17 Cal.5th 1069, 1078 (*Wiley*); accord, *People v. Lynch* (2024) 16 Cal.5th 730, 768.) Any waiver of this right must be express. (See *People v. French* (2008) 43 Cal.4th 36, 47–48).

Thus, absent waiver or stipulation, a jury must determine "whether the particular details of a defendant's criminal history . . . demonstrate convictions of increasing seriousness, before a trial court can rely on [that] fact[] to justify an upper term sentence." (*Wiley*, *supra*, 17 Cal.5th at pp. 1078, 1082–1084; see rule 4.421(b)(2).)

Here, without any waiver or stipulation by Corona, the trial court found the rule 4.421(b)(2) aggravating factor true and used that factor to justify the upper term sentence. This was a violation of the federal Constitution and section 1170, subdivision (b)(2). (*Wiley*, *supra*, 17 Cal.5th at pp. 1078, 1082–1084.)

When such an error occurs, we determine whether it was prejudicial under the *Chapman v. California* (1967) 386 U.S. 18 standard of review, under which we must reverse and remand unless we conclude beyond a reasonable doubt that a jury, applying that same standard, would have found the aggravating factor true. (*Wiley*, *supra*, 17 Cal.5th at p. 1087.)

We agree with the parties the error was prejudicial as a rational juror could have reached the opposite conclusion "based on the totality of [Corona]'s criminal conduct and the applicable sentences for those transgressions." (*Wiley*, *supra*, 17 Cal.5th at p. 1090.) For example, a rational jury could view the instant reckless evading and DUI offenses as no

4

more serious than Wiley's prior conviction for corporal injury to a spouse or cohabitant (§ 273.5, subd. (a)).[3]

Accordingly, Corona's sentence must be reversed and the case remanded to give the prosecution an opportunity to retry the aggravating facts (*People v. Lynch, supra*, 16 Cal.5th at p. 776) or obtain a waiver of a jury trial, followed by a full resentencing.

## DISPOSITION

Corona's sentence is vacated, and the case is remanded for a full resentencing following any retrial of the aggravating facts.  In all other respects, the judgment is affirmed.


PETROU, J.


WE CONCUR:


FUJISAKI, Acting P. J.

RODRÍGUEZ, J.


A173336 / *People v. Corona*

---

[3] As in *Wiley*, we rely on the probation report for the limited purpose of assessing prejudice.  (*Wiley, supra*, 17 Cal.5th at p. 1090, fn. 14.)